**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SALLY FITZGERALD, an individual; on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GRAND CIRCLE, LLC d/b/a OVERSEAS ADVENTURE TRAVEL,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br>**--and--**<br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Sally Fitzgerald, on behalf of herself and all others similarly situated, and demanding a trial by jury, brings this action against Defendant, Grand Circle, LLC d/b/a Overseas Adventure Travel ("Defendant" or "O.A.T.") for violations of the Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201–1, et seq. ("UTPCPL"), unjust enrichment, conversion, fraudulent misrepresentation, and breach of contract. In support of this Complaint, Plaintiff avers as follows:

**PRELIMINARY STATEMENT**

1.   Defendant is an international travel company which offers unique small group adventures worldwide by land and sea to Americans over fifty (50).

2.   Beginning on or about March 2020, the Coronavirus Disease 2019 ("COVID-19") pandemic caused Defendant to cancel previously scheduled trips, especially trips outside of the United States. As a result of the near total shut down of the airline and travel industry, consumers

holding tickets for trips that were canceled as a result of the COVID-19 pandemic were unable to use what they had purchased.

3. Plaintiff purchased tickets for an international trip that was cancelled due the travel restrictions set forth above. The tickets cost her approximately $9,258.00 in cash.

4. Like other O.A.T. Customers, Plaintiff was refused all forms of reimbursement, except a voucher, that had to be used for travel before 2022. Plaintiff has no desire, plan or intention to take a trip of this nature in the next two years, and there was no desire to create a travel plan in the future simply to make use of a travel voucher.

5. Further, since the cancelation of the trip, the outlook for overseas travel is at best uncertain and unknown, fraught with health risks and incubation requirements, and with many destinations either unable or unwilling to state when and if foreign travelers will be permitted. All of these factors make a travel voucher worth even less than it otherwise might be.

6. Older adults are at a higher risk for developing more serious complications from COVID-19. According to the Center for Disease Control, more than 8 out of 10 deaths reported in the U.S. have been in adults 65 years and older. Instead of refunding these individuals the money they are entitled to, they are forcing them to either lose the thousands of dollars they spent on their trip or risk their life to rebook a trip.

7. Defendant's conduct has caused Plaintiff and all similarly-situated persons to either accept a voucher for travel that is impractical, unwanted or unneeded, non-transferable and worth far less than what was purchased or receive nothing at all. Defendant's actions have resulted in substantial monetary and other actual losses, time and effort spent trying to reach Defendant's travel department.

8. Plaintiff makes the following allegations pursuant to the investigation of her

counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), because this case is a class action where the aggregate claims of all members of the proposed Class are in the excess of $5,000,000.00, exclusive of interest and costs.

10. This Court has personal jurisdiction over Defendant, which regularly conducts business within the Commonwealth of Pennsylvania, and thus has significant, continuous, and pervasive contacts with the State.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and Plaintiff suffered the alleged harm in this district.

## PARTIES

12. Plaintiff, Sally Fitzgerald, is a citizen and resident of Collegeville, Montgomery County, Pennsylvania.

13. Defendant is a business entity with national headquarters located at 347 Congress Street Boston, Massachusetts 02210.

## FACTS CONCERNING THE PARTIES

14. On July 8, 1029, Plaintiff purchased an international trip to occur on July 25, 2020, returning August 11, 2020, traveling to Africa, Botswana, Zambia, and Zimbabwe.

15. Plaintiff paid $9,258.00 for the trip.

16. Beginning in March of 2020, the United States and other countries, including Africa, instituted travel bans and stay-at-home orders for their residents.

17. As a result, Plaintiff's trip was cancelled due to the restrictions brought on as a result of the COIVD-19 Pandemic.

18. On May 6, 2020, Plaintiff called Defendant's travel support number seeking a full refund and was told that rescheduling her trip was the only option. Plaintiff requested to speak to a supervisor on this call but was told that no one was available and someone would return her call.

19. On May 9, 2020, three (3) days after being told she would receive a call back, Plaintiff received a voicemail from "Sean" to her residential telephone, even though she had instructed Defendant to call her cell phone. Sean informed Plaintiff that they would give her cell phone a call. Defendant never placed a follow up call to her cell phone.

20. On May 12, 2020, after still not having receiving a return call, Plaintiff called the support center again and was informed that it would take up to seven (7) days for someone to return her call. However, the agent assured that he would relay the message to Sean and that Plaintiff would receive a call back that day.

21. On May 18, 2020, after still have not having receiving the return call she was promised almost ten (10) days ago, she called the support center again. Plaintiff was connected to another supervisor, Sharon, who informed her that **no refund would be offered to any customer and no exceptions would be made**.

22. Defendant has received substantial consideration for Plaintiff's purchases and has charged her for her trip later cancelled because of the COVID-19 Pandemic.

23. Defendant handled trip cancellation services poorly for customers, so much so that consumers, including Plaintiff, have been left without travel and without a refund. In short, Defendant has received a windfall of cash from consumers that it has neither returned nor

expressed any intention of returning in the future, entitling Plaintiff and other similarly-situated individuals to seek damages for recovery of same.

## CLASS ALLEGATIONS

24. Plaintiff brings this claim on behalf of a class, pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), b(3).

25. This claim is brought on behalf of a Class consisting of all individuals in the United States who purchased travel through Defendant that later were cancelled as a result of COVID-19 travel restrictions and did not receive a refund.

26. Excluded from the Class are the Defendant, the officers and directors of the Defendant at all relevant times, members of the Defendant's immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

27. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitations to particular issues, as discovery and the orders of this Court warrant.

28. The identities of all class members are readily ascertainable from the Defendant's records.

29. Plaintiff's claims are typical of the class members, as all are based on the same facts and legal theories.

30. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests which might cause them not to vigorously pursue this action.

31. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. <u>Numerosity</u>: Under Rule 23(a)(1), Class Members are so numerous and geographically dispersed that their individual joinder of all Class Members is impracticable. The total number of members of the proposed Class is greater than 100 and exceeds the number required for jurisdiction under 28 U.S.C. § 1332(d)(2) and (d)(5)(B). Given the thousands of trip cancellations made as a result of COVID-19, that number greatly exceeds the number to make joinder possible. Class Members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

   b. <u>Common Questions Predominate</u>: Common questions of law and fact exist to all Class Members and predominate over questions affecting only individual Class members. Common legal and factual questions include but are not limited to, whether Defendant has refused to offer refunds and whether it has breached its contract with its customers or otherwise acted unlawfully.

   c. <u>Typicality</u>: The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was charged fees and suffered losses. Plaintiff and all Class Members have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. <u>Adequacy</u>: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class

      members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this class action lawsuit.

    e. <u>Superiority</u>: The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class Members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent and contradictory judgements. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

32.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33.    Based on discovery and further investigation, Plaintiff may, in addition to moving

for class certification, use modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions.

## FIRST CAUSE OF ACTION
## UNJUST ENRICHMENT

34. Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as though the same were fully set forth herein.

35. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

36. Defendant has benefitted from its unlawful acts by retaining the payments used to purchase travel tickets which have been cancelled. Retentions of those monies under these circumstances is unjust and inequitable because Defendant charged consumers full price for travel and fees for travel that consumers can no longer use due to a global pandemic.

37. Because Defendant's retention of the non-gratuitous benefits conferred by Plaintiff and other members of this Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

## SECOND CAUSE OF ACTION
## CONVERSION

38. Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as though the same were fully set forth herein.

39. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

40. Defendant had wrongfully exercised control over and/or intentionally interfered with the rights of Plaintiff and members of the class by limiting customers to a travel voucher which must be used within two (2) years while Defendant has unlawfully retained the monies Plaintiff and the Class Members paid for tickets on cancelled trips.

41. Defendant deprived Plaintiff and the other members of the Class of the value they paid for the tickets on cancelled trips as well as their right to a refund.

42. Plaintiff and members of the Class have requested and/or demanded that Defendant issue refunds for cancelled trips.

43. This interference with the rights and services for which Plaintiff and the members of the Class paid damaged Plaintiff and the members of the Class, in that they purchased tickets, and, as such, Defendant has deprived Plaintiff and members of the Class of the right to their property, in this case, the amounts paid for tickets on cancelled trips.

44. Plaintiff and members of the Class are entitled to a refund of the full amount paid for tickets on cancelled trips.

## THIRD CAUSE OF ACTION
## FRAUDULENT MISREPRESENTATION

45. Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as though the same were fully set forth herein.

46. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

47. During the COVID-19 Pandemic, Defendant has intentionally allowed wait times on hold to increase to unreasonable levels and instructed customer service representatives speaking to consumers ("Class Members") to furnish misleading information in hopes of confusing consumers and reducing and/or avoiding issuance of refunds to which the consumers

are entitled for all trips cancelled as a result of the COVID-19 Pandemic.

48. Defendant intentionally mispresented to Plaintiff and Class Members that passengers on trips are limited to travel vouchers.

49. Defendant's representations were made with the intent that Plaintiff and Class Members rely upon the misstatements in accepting travel vouchers instead of pressing for a refund.

50. Plaintiff and the Class Members relied on Defendant's misrepresentations.

51. The reliance by Plaintiff and the Class Members on Defendant's misrepresentations was reasonable.

52. Defendant's misrepresentations proximately caused damage to Plaintiff and the Class Members.

53. By misrepresenting that Plaintiff and the Class Members were only entitled to travel vouchers, Defendant financially harmed Plaintiff and Class Members, causing damages.

## FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT

54. Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as though the same were fully set forth herein.

55. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

56. Defendant and Class Members, including Plaintiff, entered into valid contracts for Defendant to provide travel tickets, and in exchange, Plaintiff and Class Members would pay money to complete the transaction.

57. Defendant's services carried with it the obligation to refund all consideration paid by Plaintiff and Class Members should the travel be cancelled as a result of unforeseen world

events, specifically the COVID-19 Pandemic.

58. Plaintiff and the Class Members purchased tickets for travel services with the Defendant in reliance that cancelled trips would entitle them to a full refund.

59. Defendant breached its obligations owed to Plaintiff and Class Members by failing after-the-fact to provide a full refund for travel cancelled because of the COVID-19 Pandemic.

60. As a result of Defendant's failure to perform the contract, Plaintiff and other Class Members have been damaged and did not receive the paid for benefits, refund, and/or performance to which they each and all were entitled.

61. As a result, Plaintiff and the Class Members are entitled to fair compensation in the form of full refunds for all tickets, fees, taxes, and interest that Defendant charged and/or collected.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW 73 P.S. § 201−1,** *et seq*

62. Plaintiff restates, re-alleges, and incorporates herein by reference the preceding paragraphs as though the same were fully set forth herein.

63. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

64. Defendant's conduct constitutes unfair deceptive business acts or practices under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201−1, et seq. ("UTPCPL"),

65. Defendant's business practices as detailed above, constitute (1) breach of contract between Plaintiff and Class Members and Defendants, (2) conversion, (3) unjust enrichment,

and/or (4) fraudulent misrepresentations.

66. It is a violation of UTPCPL to engage in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

67. Defendant made the representation that Plaintiff and Class Members would have the option of receiving a refund or travel vouchers.

68. This representation was material in Plaintiff and the Class Member's decision to purchase travel through Defendant.

69. Plaintiff and the Class Members reasonably believed they would receive refunds for trips.

70. Plaintiff and the Class Members did not receive refunds.

71. Plaintiff requests that the Court issue sufficient equitable relief to restore Class members to the Position they would have been in had Defendant not engaged in unlawful business practices and/or unfair competition, including by ordering restitution of all funds that Defendant may have acquired as a result of these practices and an injunction prohibiting further denial of refunds.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class Members request that the Court enter and order or judgment against Defendant including:

1) A certification of the action as a class action under Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, appointment of Plaintiff as Class Representative, and appointment of his counsel as Class Counsel;

2) Damages and refunds in the amount of all consideration paid, in cash for travel

    booked through Defendant;

3) Actual damages, statutory damages, punitive or treble damages, and such other relief as provided by the statutes cited;

4) Pre-judgement and post-judgement interest on such monetary relief;

5) Injunctive relief, including an order enjoining Defendant from retaining refunds for cancelled trips;

6) The cost of bringing this suit, including reasonable attorney's fees; and

7) All other relief to which Plaintiff and members of the Class may be entitled by law or in equity.

## JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

Dated: 6-1-2020

By: */s/  Amy L.B. Ginsburg*
*Amy L.B. Ginsburg, Esq.*
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Email: teamkimmel@creditlaw.com

*Attorneys for Plaintiff, Sally Fitzgerald,, and all others similarly situated*

`