UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SALLY FITZGERALD, an individual; on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GRAND CIRCLE, LLC d/b/a OVERSEAS ADVENTURE TRAVEL, <br><br> Defendant. | CIVIL ACTION <br><br> Case No. 20-02586-MMB |

**REPLY BRIEF IN SUPPORT OF DEFENDANT
GRAND CIRCLE LLC'S MOTION TO DISMISS
<u>AMENDED COMPLAINTAND/OR TO COMPEL ARBITRATION</u>**

Plaintiff Sally Fitzgerald's continued attempt to evade the mandatory arbitration clause she agreed to when she purchased a trip from Defendant Grand Circle, LLC ("Grand Circle") is belied by the language of the contract between the parties (the "Passenger Agreement") and the very cases Plaintiff cites in her Memorandum of Law in Opposition to Defendant's Motion to Dismiss Amended Complaint [Dkt. 14] ("Opposition") to support her claim. As discussed in detail below, Plaintiff's sole argument to avoid dismissal of her Amended Complaint is her claim that the arbitration clause should be disregarded in its entirety because the forum and cost sharing provisions of the Passenger Agreement conflict with JAMS rules (the designated arbitrator) (Opposition, pp. 4-8). This argument is defeated by the cases cited in Plaintiff's own brief, under both Massachusetts (the governing law)[1] and Third Circuit precedent, which hold

---

[1] Plaintiff cites to Third Circuit and Massachusetts law without providing any basis to challenge the clear choice of law provision in the Passenger Agreement designating Massachusetts as the governing law. Grand Circle previously

1

that an arbitration provision cannot be invalidated when a plaintiff's challenge is based on an ancillary, procedural term like the location or cost sharing logistics of the arbitration questioned by Plaintiff (Section II, *infra.*). Moreover, Plaintiff has failed to challenge—and has no basis to challenge based on the undisputed facts and law—the other critical grounds Grand Circle has raised that mandate (1) dismissal of her Amended Complaint in favor of the Massachusetts venue provision governing both arbitration and court actions and (2) dismissal of her class action claims (Section I, *infra.*).

I.  **Plaintiff's Failure to Oppose Dismissal of her Amended Complaint on Multiple Grounds Mandates Dismissal Without Regard to Any Argument Raised in her Opposition.**

Plaintiff does not dispute that dismissal of her Amended Complaint is mandated by the venue provision in the Passenger Agreement, which requires that Plaintiff's claims be brought in Boston, Massachusetts, regardless of whether the claims are arbitrated or filed in Court.[2] Such clauses are routinely enforced and mandate dismissal here. *Central Contracting. v. Maryland Cas. Co.*, 367 F.2d 341, 344 (3d Cir. 1966).

Plaintiff also does not dispute that her class action claim is barred by the Passenger Agreement requiring that she can only proceed on an individual basis.[3] Both the United States

---

addressed why Massachusetts law governs. *See* Memorandum in Support of Defendant Grand Circle LLC's Motion to Dismiss and/or Compel Arbitration [Dkt. 7-1], p. 6.

[2] Section 16(c) of the Passenger Agreement states:

> ANY AND ALL CLAIMS AGAINST OR DISPUTES WITH THE COMPANY RELATING TO OR IN ANY WAY ARISING OUT OF OR CONNECTED WITH THIS PASSENGER AGREEMENT OR YOUR TOUR OR CRUISE AND NOT SUBJECT TO ARBITRATION UNDER SUBSECTION (b) ABOVE SHALL BE LITIGATED, IF AT ALL, IN AND BEFORE THE COURTS OF THE COMMONWEALTH OF MASSACHUSETTS, U.S.A., TO THE EXCLUSION OF THE COURTS OF ANY OTHER STATE AND COUNTRY.

Passenger Agreement, § 16(c) (emphasis in original).

[3] Section 16(e) of the Passenger Agreement precludes Plaintiff's class action claim as follows:

Supreme Court and the Massachusetts Supreme Judicial Court have held that class action waivers like the one executed by Plaintiff are valid and binding under the FAA and preclude the claim asserted here. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011); *Feeney vs. Dell Inc.*, 466 Mass. 1001, 1002 (2013). These arguments were addressed in detail in the Memorandum in Support of Defendant Grand Circle LLC's Motion to Dismiss and/or to Compel Arbitration [Dkt. 7-1] ( pp. 4-5 and 11-13) and incorporated by reference the Memorandum in Support of Defendant Grand Circle's Motion to Dismiss Amended Complaint and/or to Compel Arbitration  [Dkt. 13-1], p. 1 (collectively "Defendant's Motion to Dismiss"). Plaintiff offered no response and there is no response she could offer because the facts and the law are undisputed.[4] Thus, without even turning to the arguments in Plaintiff's Opposition, Plaintiff's Amended Complaint should be dismissed for failure to file in the correct venue and, at a minimum, her class action claim must be dismissed.

## II. Plaintiff Cannot Evade Arbitration Based on a Conflict with JAMS Rules on Ancillary, Procedural Terms in the Passenger Agreement.

At the outset, even if the Court entertains Plaintiff's challenge to the location and cost sharing provisions of the arbitration clause, the only remedy available to Plaintiff is to sever those provisions of the agreement, not the entire arbitration clause, and proceed to dismiss this

---

> THIS PASSENGER AGREEMENT PROVIDES FOR THE EXCLUSIVE RESOLUTION OF DISPUTES THROUGH INDIVIDUAL LEGAL ACTION OR ARBITRATION ON YOUR OWN BEHALF INSTEAD OF THROUGH ANY CLASS OR REPRESENTATIVE ACTION. EVEN IF THE APPLICABLE LAW PROVIDES OTHERWISE, YOU AGREE THAT ANY ARBITRATION OR LAWSUIT AGAINST US WHATSOEVER SHALL BE LITIGATED BY YOU INDIVIDUALLY AND NOT AS A MEMBER OF ANY CLASS OR AS PART OF A CLASS OR REPRESENTATIVE ACTION, AND YOU EXPRESSLY AGREE TO WAIVE ANY LAW ENTITLING YOU TO PARTICIPATE IN A CLASS ACTION. IF YOUR CLAIM IS SUBJECT TO ARBITRATION UNDER SUBSECTION (b) ABOVE, THE ARBITRATOR SHALL HAVE NO AUTHORITY TO ARBITRATE CLAIMS ON A CLASS ACTION BASIS.

Passenger Agreement, §16(e) (emphasis in original).

[4] Plaintiff has also not contested that the Passenger Agreement prohibits a trial by jury and mandates that her jury demand be struck from her Amended Complaint. Passenger Agreement, §16(b).

action and compel arbitration. *Spinetti v. Serv. Corp. Int'l*, 324 F.3d 212, 219 (3d Cir. 2003) (compelling arbitration after striking provision of agreement requiring each party to pay its own fees and costs because it conflicted with Title VII award of fees to prevailing party). The Passenger Agreement contains a clear severance clause dictating this result. Passenger Agreement, § 17 (Exhibit B to Defendants Motion to Dismiss the Amended Complaint, Dkt. 13-1).

All of the cases that Plaintiff cites to avoid this result (Opposition, p. 5 and 7) rely on a narrow exception to the general rule mandating arbitration that is only applied when the objectionable term of the agreement is an "essential part of the bargain" reflected in the contract. *Spinetti*, 324 F.3d at 219. In *Spinetti*, the Third Circuit explained that provisions of an arbitration agreement addressing ancillary issues like those raised by Plaintiff do not fall in that "essential" element category and cannot invalidate the strong federal policy favoring arbitration. *Id.* at 219. In assessing the plaintiff's attempt to avoid arbitration of her employment claims in *Spinetti*, the Court had "no difficulty in concluding that the primary purpose of the arbitration bargain entered into by [the parties] was not to regulate costs or attorney's fees. Instead, it was designed to provide a mechanism to resolve employment-related disputes)." *Id.* at 219 and 220-21 (summarizing similar holdings enforcing arbitration clauses). As the Third Circuit succinctly explained, "the satellite issues of costs and attorney's fees may not be the tail wagging the dog." *Id.* at 219.

Plaintiff's attempt to have the venue and cost sharing provisions of the Passenger Agreement be the "tail that wags the dog" is belied by the very cases she cites. In each of those cases, the court invalidated an arbitration clause after striking an "essential term" that was clearly central to the agreement between the parties, often in the context of agreements under American-

Indian tribal laws (Opposition, p. 5). In *MacDonald v. CashCall, Inc*, 883 F.3d 220 (3d Cir. 2018) (Opposition, p. 5) for example, the Third Circuit examined an arbitration clause in a loan agreement that required that the arbitration be "conducted by the Cheyenne River Sioux Tribal Nation in accordance with its consumer dispute rules and the terms of this Agreement." 883 F.3d at 224. As multiple courts had noted, and the defendant in *MacDonald* conceded, this tribal forum did not exist, the tribe did not conduct arbitrations and did not have any consumer dispute rules. Interpreting New Jersey law, the Third Circuit concluded that the tribal forum provision was an integral provision and its severance would "defeat the central purpose of the contract." *Id.* at 230 (internal citations omitted). The Court highlighted that the loan agreement referenced the tribe or its rules in most paragraphs concerning the arbitration and the loan agreement itself was subject to and governed solely by the exclusive laws and jurisdiction of the tribe. *Id.* at 231.

*MacDonald* highlights that the venue and cost sharing provisions of the Passenger Agreement bear no resemblance to the integral term of the tribal forum, governed by tribal law as opposed to Massachusetts in this case. *See also Licata v. GGNSC Malden Dexter LLC*, 29 Mass. L. Rptr. 467, *8 (Mass. Super. Ct. 2012) (unpublished) (Opposition, p. 7) (declining to compel arbitration because contract required arbitration pursuant to the National Arbitration Forum Code of Procedure, which terminated its involvement in consumer arbitrations prior to plaintiff's complaint and was integral to the agreement with detailed rules that implicated every aspect of the arbitration).[5] Further underscoring the ancillary nature of the terms Plaintiff challenges, the arbitration clause in the Passenger Agreement states that "[i]n the event that the parties agree to use another private alternative dispute resolution provider in lieu of JAMS, then the arbitration shall be administered and conducted by that provider under its then-existing rules .

---

[5] Notably, on appeal the Massachusetts Supreme Judicial Court affirmed the lower court's decision in *Licata* on the basis that the plaintiff was not a party to or bound by the agreement. 466 Mass. 793 (2012).

. . ." Passenger Agreement, § 16(b). Such flexibility establishes that two procedural terms in the JAMS rules are not critical or essential to the parties' contract.

Plaintiff relies on another case under tribal law that leads to the same result. In *Williams v. Medley Opportunity Fund II, LP*, 965 F.3d 229, 241 (3d Cir. 2020) (Opposition, p. 5), the Third Circuit upheld the trial court's order denying a motion to enforce an arbitration agreement that contained an impermissible prospective waiver of statutory rights because the arbitration clause only allowed for claims to be brought under tribal law, not federal law, and the tribal law governance was integral to the contract. Unlike Plaintiff Fitzgerald's claims that can be resolved by the arbitrator, under tribal law the arbitrator in *Williams* could not even entertain the plaintiff's RICO claims for unfair lending practices because it did not exist under tribal law. 965 F.3d at 235 and 241; s*ee also Am. Express Co. v. Italian Colors Rest*., 570 U.S. 228, 236 (2013) (Opposition, p. 5) (finding waiver of ability to bring class action claim did not preclude plaintiffs from asserting their right to pursue a remedy).[6]

The arguments raised in Plaintiff's Opposition due not resolve the fatal flaws in Plaintiff's Amended Complaint that mandate dismissal of all of her claims in favor or arbitration. At a minimum, Plaintiff's class action claims must be dismissed and any proceeding, whether by arbitration or court action, must be brought in Boston, Massachusetts.

---

[6] Plaintiff also cites to *Cruz v. Jump City Everett, LLC*, 34 Mass. L. Rep. 586, 2017 WL 7362343 (Mass. Super. Ct. 2017) (Opposition, p. 7), but that case involved the denial of a motion to compel arbitration because there was dispute over whether the plaintiff was bound to the agreement dependent upon whether plaintiff's son had apparent authority to bind him to the agreement by signing on the plaintiff's behalf.

Dated: September 18, 2020

Respectfully submitted,

GRAND CIRCLE, LLC d/b/a
OVERSEAS ADVENTURE TRAVEL,
By its attorneys,

*/s/ Bruce A. Singal*
Bruce A. Singal (admitted pro hac vice)
BARRETT & SINGAL, PC
One Beacon Street – Suite 1320
Boston, MA 02108
Telephone: (617) 720-5090
Facsimile: (617) 720-5092
Email: bsingal@barrettsingal.com

*/s/ Robert C. Drake*
Robert C. Drake
DRAKE SPECIALE LLC
221 Chestnut Street
Suite 200
Philadelphia, PA 19106
Telephone: (215) 732-2650
Facsimile: (215) 600-3534
Email: robert@drakespeciale.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 18th day of September, 2020, I filed this notice using the Court's CM/ECF system, resulting in service on all counsel of record in this matter.

*/s/ Bruce A. Singal*
Bruce A. Singal